IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOMINIQUE TABB, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. CIV-16-1179-D ) |
| JOHN HILLIGOSS, *et al.*, | ) ) |
| Defendants. | ) |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Purcell recommends a dismissal without prejudice of this action due to Plaintiff's failure to pay the initial partial filing fee of $2.32 or to show cause for nonpayment, as required by the Order Granting Leave to Proceed In Forma Pauperis [Doc. No. 5].

Plaintiff, a state prisoner appearing *pro se*, has filed a timely written objection to the Report. He does not dispute Judge Purcell's findings or claim that he cannot pay the fee required by 28 U.S.C. § 1915(b)(1). Plaintiff instead explains the delay in payment as a result of difficulties he encountered in complying with institutional requirements for disbursement of funds from his inmate trust account. Plaintiff provides copies of request forms that he submitted to prison officials, and states he was unaware the funds had not been transmitted to the Court until he received a copy of Judge Purcell's Report.

Plaintiff's timely and specific objection triggers the Court's duty to "make a de novo determination of those portions of the report . . . to which objection is made." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

Liberally construing Plaintiff's Objection, the Court understands that Plaintiff objects only to the recommended dismissal of his case for nonpayment of the partial filing fee under circumstances where he made timely attempts to comply with the Order requiring payment, but payment was unexpectedly delayed. Although the Court is not unsympathetic to the frustration expressed in Plaintiff's Objection, it is his responsibility to comply with institutional procedures for disbursement and transmittal of funds from his account. A review of the Clerk's records shows that Plaintiff has successfully done so in at least one prior case. *See Tabb v. Carrion*, Case No. CIV-16-215-D, Receipt (W.D. Okla. April 27, 2016). Under the circumstances, the Court finds that Plaintiff should receive an additional opportunity to make the required fee payment before his case is dismissed.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 7] is ADOPTED as set forth herein. This action will be dismissed without prejudice to refiling unless Plaintiff makes the initial partial payment of $2.32, or shows cause in writing for a failure to pay, within 21 days from the date of this Order.

IT IS SO ORDERED this **21st** day of November, 2016.

*[Signature]*
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE